David P. Milian (*pro hac vice*)
*dmilian@careyrodriguez.com*
**CAREY RODRIGUEZ**
**MILIAN GONYA, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel:  305-372-7474
Fax: 305-372-7475

Robert Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel:  310-474-9111
Fax:  310-474-8585

*Attorneys for Plaintiff Diana Soukhaphonh*
*and the Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| DIANA SOUKHAPHONH, individually and on behalf of all others similarly situated, <br><br>       Plaintiff, <br><br> v. <br><br> HOT TOPIC, INC., a California corporation, <br><br>       Defendant. | Case No. 2:16-CV-05124-DMG (AGRx) <br><br> **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

Plaintiff Diana Soukhaphonh, individually and as the putative representative of the proposed Settlement Class, moves for preliminary approval of the Parties' Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement"), certifying a class for settlement purposes only, a copy of which is attached as **Exhibit A**.[1]

## I.   <u>INTRODUCTION</u>

In this Action, Plaintiff alleged that Defendant Hot Topic, Inc. ("Defendant" or "Hot Topic") sent text messages to the Plaintiff's and Settlement Class Members' wireless telephones without first obtaining their express written consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

This litigation has been both comprehensive and contentious. Since this case was filed, Hot Topic filed motions, which were fully briefed, seeking to dismiss for lack of Article III standing (D.E. 21, 23, 24) and for summary judgment against Plaintiff on the issue of consent (D.E. 53, 54, 55, 56, 57, 144, 145, 146, 147, 148, 149, 150, 158, 159, 160, 161, 162, 163, 164, 165, 175). The case included two amended answers to Plaintiff's complaint, a motion to stay (which was granted), an Order lifting the stay, an Order Denying Defendant's Motion for Summary Judgment, Order Denying Defendant's Motion to Dismiss, supplemental briefings on various issues, notices of supplemental authority, joint discovery and pretrial proposals, a stipulated confidentiality order, among many other

---

[1]   Unless otherwise noted, all capitalized terms have the same meaning as ascribed to it in the Settlement Agreement.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

things. Before reaching settlement, the parties had completed phase 1 discovery, retained experts, engaged in vigorous motion practice relating to discovery matters, and were concluding phase 2 discovery. On March 18, 2019, Plaintiff filed her Motion for Class Certification (D.E. 212) and Plaintiff's Motion for Class Certification had been filed. On April 9, 2019, Plaintiff filed a Notice of Settlement (D.E.227).

Settlement negotiations were contentious and hard fought. The Parties engaged the assistance of a highly-respected and experienced mediator, Hon. Edward A. Infante (Ret.) for a full day of mediation. After the mediation concluded without a settlement, the Parties continued to litigate this case vigorously and to advocate their respective positions. Following several weeks of arms-length negotiations during March-April 2019, the parties were able to reach a settlement.

The cornerstone of the Settlement is the substantial, concrete monetary relief it provides to Settlement Class Members. As set forth in the Settlement Agreement, the Settlement creates a Settlement Fund of up to $2,985,000, with a minimum non-reversionary fund of $1,500,000, which will be paid, pursuant to a hybrid pro rata and claims made basis and subject to certain deductions, to all Settlement Class Members who submit a valid Claim Form. The costs of notice, settlement administration, the amounts awarded by the Court for attorneys' fees and expenses, and Plaintiff's service award will be deducted from the Settlement Fund prior to payments to the Settlement Class Members.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

The Settlement also provides for prospective relief in the form of Hot Topic's cessation of its text marketing program with Hot Topic's commitment to undertake substantive training before re-engaging in a text message program. The Settlement also provides that the best practicable notice be provided to Settlement Class Members and calls for the designation of a reputable and competent professional Settlement Administrator[2] to disseminate notice of and administer the Settlement. The proposed Notice Plan utilizes individual notice to effectively reach the Settlement Class and is expected to directly reach approximately 90-98% of likely Settlement Class Members.

In light of the extensive monetary relief available under the Settlement Agreement, the Court should find the Settlement to be well within the bounds of reasonableness and, thus, should preliminarily certify for settlement purposes the Settlement Class and approve the Settlement Agreement.

## II.     HISTORY OF THE LITIGATION

On July 12, 2016, following extensive pre-filing investigations[3], the Plaintiff filed a

_____

[2] Prior to executing the Settlement Agreement, the Parties procured competitive bids from four reputable and well qualified professional settlement administrators. The estimates were prepared based on detailed information, provided by the Parties, regarding the number of Settlement Class Members, the form of Hot Topic's records, and the type and extent of contact information Hot Topic has on file for the Settlement Class Members. The Parties ultimately selected KCC Class Action Services ("KCC") and now seek the Court's approval to retain KCC to administer the settlement funds and notice program.

[3] In the weeks preceding the filing of the Complaint, Plaintiff and her counsel investigated all aspects of this case, including the means by which Hot Topic acquired consumers' cellular telephone numbers, the dialing technology used by Hot Topic to deliver text messages, and

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Class Action Complaint in the District Court for the Central District of California. The material allegations of the complaint centered on Hot Topic's transmission of text messages in alleged violation of the TCPA without prior express written consent from the recipients. Specifically, the Plaintiff alleged that Defendant sent Plaintiff a promotional text message without Plaintiff's consent and further that Defendant had engaged in a wide scale practice of sending promotional text messages to consumers throughout the United States without the level of consent required pursuant to the TCPA.

Hot Topic has and continues to deny that it committed any wrongdoing or that it threatened or attempted to commit, any wrongful act or violation of law or duty as alleged in the Action and vowed to both defend this Action and to oppose certification of a litigation class. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Hot Topic has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement. Plaintiff believes that the claims asserted in the Action against Hot Topic have merit and that she would have prevailed at trial. Nonetheless, Plaintiff and Class Counsel recognize that Hot Topic raised factual and legal defenses that

---

potential litigation risks relating to the terms ATDS, "advertisement," "telemarketing," "promotional," and "express written consent." *See* Declaration of David P. Milian ("Milian Decl.") ¶ 5 attached hereto as **Composite Exhibit "C."** Counsel conducted numerous pre-filing interviews of Plaintiff and reviewed electronic data and other various material available online concerning Defendant's marketing practices. *Id.*

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

present a risk that Plaintiff may not prevail.  Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Hot Topic through class certification, summary judgment, trial, and any subsequent appeals.  Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions such as this, as well as the difficulties inherent in such litigation.  Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

## III.   SETTLEMENT TERMS

The Parties propose to certify the following Settlement Class:

> **All Persons who received one or more text messages sent by or on behalf of Defendant Hot Topic to a cellular phone between August 1, 2012 and the date this Agreement is preliminarily approved.**

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parent company, if any, has a controlling interest and their current or former officers, directors,

6

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

agents, attorneys, and employees; (3) persons who properly execute and file a valid and timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**a.  Monetary Settlement Relief**

The cornerstone of the Settlement is the substantial, concrete monetary relief it provides to Settlement Class Members. The Settlement Agreement allows the Settlement Class Members to look to a Settlement Fund of up to $2,985,000 for settlement and satisfaction of their claims.

The first $1,500,000 of the Settlement Fund is entirely non-reversionary, meaning that no part of it can revert to Defendants under any circumstance. In addition, to the extent that the total amount of Approved Claims multiplied by Fifteen Dollars ($15.00) exceeds $1,500,000, the Settlement Fund will be increased upwards so that it equals the total amount of Approved Claims multiplied by Fifteen Dollars ($15.00) up to the total amount of the Settlement Fund, i.e., $2,985,000.00. The total Settlement Fund, as calculated above, will be used to pay all administration expenses and fees and will then be apportioned among the Settlement Class Members on a pro rata basis.

To receive a Cash Award under the terms and conditions of the Settlement, a Settlement Class Member must, among other things, truthfully, accurately, and completely fill out and sign the Claim Form, attesting to their receipt of a text message, and either

7

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

submit the Claim Form on the Settlement Website or mail the Claim Form to the Settlement Administrator, postmarked on or before the Claims Submission Deadline.

The amount of a Settlement Class Member's Cash Award depends on the number of Persons who submit valid Claim Forms and the amounts deducted from the Settlement Fund for notice and class action administration, attorneys' fees and expenses, and service awards.

The claims process and Claim Form will be as least burdensome and time consuming as possible. Moreover, the Claims Form will present objective criteria that Settlement Class Members may fairly satisfy to receive relief.

**b. Injunctive Settlement Relief**

In addition to the substantial monetary relief that the Settlement provides, additional core relief includes changes to Hot Topic's business practice of sending marketing text messages to consumers. Indeed, as a current benefit, Hot Topic has represented that it has already halted its text message marketing program. Hot Topic further agrees that before engaging in any new text message marketing program, that it will implement a training program and compliance protocols to ensure compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* These training programs and compliance protocols will train relevant personnel on both legal compliance and how to maintain best practices.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

### c. Class Notice and Claims Administration

Furthermore, the Settlement Agreement requires Court appointment of a reputable Class Action Administrator, the dissemination of best practicable notice, a transparent settlement administration process, a Settlement website, a toll-free information line with taped frequently asked questions and a voicemail box, a centralized post-office box to correspond with Settlement Class Members, and a detailed process for administering Claims Payments for Settlement Class Members. Following review of four competitive bids, the Parties have identified a claims administrator whom they believe is best suited to serve as the administrator in this particular matter. To this end, the Parties seek this Court's approval to retain KCC, LLC, 3301 Kerner Boulevard, San Rafael, CA 94901 to serve as the class action settlement claims administrator. A copy of the Declaration of Carla A. Peak, KCC's Vice President of Legal Notification Services, attesting to her and KCC's qualifications is submitted herewith as **Exhibit B.**

The Notice program is designed to provide the Settlement Class with important information regarding the Settlement and their rights thereunder, including a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class members may object to the Settlement; Class Counsel's fee application and/or the request for a Service Award; the date of the Final Approval Hearing; information regarding

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

the Settlement Website where Settlement Class members may access the Agreement; and other important documents.

The costs associated with dissemination of the Class Notice and administration of the Settlement will be paid from the Settlement Fund, subject to the Court's approval.

Finally, Hot Topic is required to comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.*

By this Motion, the Parties seek this Court's approval of the following proposed Claim Form and Notices which are *attached to the Settlement Agreement*: (i) Claim Form (**Exhibit A**); (ii) Individual Notice via U.S. Mail (**Exhibit C**); (iii) Email Notice (**Exhibit B**), and; (iv) Settlement Website Notice (**Exhibit D**).

**d. Objectors and Opt-Outs**

To the extent that any Settlement Class Members object to the Settlement, the Parties ask the Court to adopt the deadlines and procedures for objectors set forth in the proposed Class Notice to ensure that that all interested persons are afforded a reasonable opportunity to be heard and that the Final Approval Hearing may be conducted in an orderly, efficient, and just manner. First, the proposed Settlement provides a procedure for any Settlement Class Member who wishes to opt-out of the Settlement.  Second, any Settlement Class Member or governmental entity with standing that wishes to object to the proposed Settlement must do so by filing a timely written statement, containing all information

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

required by the proposed Class Notice, with the Court on or before Objection/Exclusion Deadline. Third, any attorney or Settlement Class Member who intends to appear or speak at the Final Approval Hearing must enter a written notice of appearance with the Court on or before the Objection/Exclusion Deadline. To be timely, requests for exclusion must be received no later than the Objection/Exclusion Deadline, and simply and clearly state the Settlement Class Member's intention to exclude themselves from the Settlement.

An objection must be submitted timely and contain at least the following: (1) a heading that refers to the Action by case name and number; (2) a statement whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number; and (3) a statement of the specific legal and factual basis for each objection.

The Settlement Agreement also provides for the Court's Preliminary Approval Order to contain a temporary injunction enjoining other proceedings relating to the Released Claims in order to preserve the status quo pending the Court's final decision on the reasonableness and fairness of the Settlement.

**e. Release of Claims**

In exchange for the Settlement consideration, Plaintiff and all Settlement Class members agree to the release defined in the Agreement.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

## IV.  THE PROPOSED SETTLEMENT IS WITHIN THE RANGE OF REASONABLENESS, MEETS ALL RULE 23(e) REQUIREMENTS AND WARRANTS PRELIMINARY APPROVAL

### a.  The Legal Standard for Preliminary Approval

A class action may not be dismissed, compromised or settled without the approval of the court. *See* Fed. R. Civ. Proc. 23(e). Judicial proceedings under Rule 23 have led to a defined procedure and specific criteria for settlement approval in class action settlements, described in the Manual for Complex Litigation (Fourth) (Fed. Judicial Center 2004) ("Manual") § 21.63, et seq., including preliminary approval, dissemination of notice to class members, and a fairness hearing. *Manual*, §§ 21.632, 21.633, 21.634. The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. *See* 4 Herbert B. Newberg, Newberg on Class Actions § 11.25 et seq., and § 13.64 (4th ed. 2002 and Supp. 2004) ("Newberg").

The Court is not required to undertake an in-depth consideration of the relevant factors for final approval. Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual*, § 21.632 (4th ed. 2004).  When the proposed settlement appears to be

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, preliminary approval is appropriate. *McDonald v. Bass Pro Outdoor World*, LLC, 2014 WL 3867522, *6 (S.D. Cal. Aug. 5, 2014); *In re Tableware Antitrust Litig*., 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007) (same).

As a matter of public policy, settlement is a strongly favored method for resolving disputes. *See Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989). This is especially true in class actions such as this. *See In re Syncor ERISA Litig., 516 F.3d 1095, 1101 (9th Cir. 2008); Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation.").[4] As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). To make the preliminary fairness determination, courts may consider several relevant factors, including "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further

---

[4] The law favors settlement particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See* H. Newberg & A. Conte, Newberg on Class Actions, §13.44 (5th ed. 2011) (hereinafter "Newberg"); *Class Plaintiffs v. City of Seattle*, 955 F.3 1268, 1275 (9th Cir. 1992).

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

litigation; the risk of maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; [and] the experience and views of counsel..." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

Courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027. Preliminary approval does not require a final determination that the settlement is fair, reasonable, and adequate, as that decision is made only at the final approval stage, after notice of the settlement has been given to the class and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *See* James Wm. Moore, Moore's Federal Practice – Civil § 23.165[3] (3d ed.). Thus, in considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law, which underlie the merits of the dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n*, 688 F.2d at 625.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement...may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970). Preliminary approval of the settlement should be granted if there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Manual*, § 21.632, at 321.

The opinion of experienced counsel supporting the settlement is entitled to considerable weight. The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted).

Based on these standards, Class Counsel respectfully submit that, for the reasons detailed herein, the Court should preliminarily approve the proposed Settlement as fair, reasonable and adequate.

15

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

### b.  The Proposed Notice and Class Administration Protocols Warrant Providing Notice to the Class

As set forth above, the proposed notice and class administration protocols are designed to provide the best notice practicable. Through a combination of direct mail, email, website interaction, and a targeted digital media program, the proposed notice protocol provides clear and concise information about the settlement terms, class members' rights, and is designed to reach as many members of the settlement class as possible.

### c.  The Settlement Provides Substantial  and Immediate Relief to the Settlement Class Members

As with similar TCPA class action settlements (*see Barani v. Wells Fargo Bank, N.A.*, 2014 WL 1389329, *9 (S.D. Cal. Apr. 9, 2014); *Malta v. Fed. Home Loan Mortg. Corp.*, 2013 WL 444619, *10 (S.D. Cal. Feb. 5, 2013)), this proposed Settlement should be preliminarily approved. Settlement Class Members will receive immediate cash compensation merely by submitting a claim, without any risk or expense of an individual lawsuit. Moreover, the Settlement avoids the risks of the Plaintiff and the Settlement Class Members receiving nothing should the class certification decision be reversed and/or if Hot Topic's ultimately prevails on summary judgment, trial, or in an appeal.

Although the TCPA provides for statutory damages of $500 for each violation, it is well settled that a proposed settlement may be acceptable even though it amounts to only a percentage of the potential recovery that might be available to the class members at trial.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

*See e.g., National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *see also In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (E.D. Pa. 2000) ("the fact that a proposed settlement constitutes a relatively small percentage of the most optimistic estimate does not, in itself, weigh against the settlement; rather, the percentage should be considered in light of strength of the claims"). The Class Members here will immediately share in a nearly $3 million recovery fund for taking the brief amount of time necessary to submit a claim. The Class will also benefit from the deterrent effect of this TCPA Settlement on the placing of future calls to cellular telephones using an ATDS or prerecorded voice without prior express consent. Thus, the Action will provide substantial benefit to the Class Members, in the form of cash, prospective relief in the form of Hot Topic's cessation of its text marketing program, as well as through its deterrent effect on other businesses that engage in similar conduct.

### d. The Settlement is a Product of Well-Informed, Arm's Length Negotiations

"Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair." *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008). The Settlement here is the result of extensive, arm's-length negotiations between experienced attorneys who are most knowledgeable with this class action

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

litigation and with the legal and factual issues of this Action. Indeed, this litigation was contentious with each side vigorously advocating its positions. Furthermore, Class Counsel are experienced in the litigation, certification, trial, and settlement of nationwide class action cases and zealously represented the Plaintiff throughout this litigation.

In negotiating this Settlement, Class Counsel had the benefit of years of experience in litigating and settling complex class actions and have an intimate familiarity with the facts of the Action. Class Counsel received extensive class discovery as part of the litigation process, and this enabled them to gain a better understanding of the marketing program at issue.

### e. The Complexity, Expense, and Duration of Further Litigation Favors Settlement

The traditional means for handling claims like those at issue here tax the court system, require massive expenditures of public and private resources, and, given the relatively small value of the claims of the individual class members, would be impracticable. Thus, the Settlement is the best vehicle for Settlement Class Members to receive the relief to which they claim entitlement in a prompt and efficient manner.

### V.     THE CLASS SHOULD BE CONDITIONALLY CERTIFIED

"Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems

18

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

. . . for the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Certification of the proposed Settlement Class will allow notice of the Settlement to issue to inform Settlement Class members of the existence and terms of the Settlement, of their right to object and be heard on its fairness, of their right to opt-out, and of the date, time and place of the Final Approval Hearing. *See Manual for Compl. Lit.*, at §§ 21.632, 21.633. For the reasons set forth below, certification is appropriate under Fed. R. Civ. P. 23(a) and (b)(3).

### a.  The Requirements of Fed. R. Civ. P. 23(a)(1)-(4) Are Satisfied

Certification under Fed. R. Civ. P. 23(a) of the Federal Rules of Civil Procedure requires that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

### *1.  Numerosity*

The numerosity requirement of Fed. R. Civ. P. 23(a) is satisfied because the Settlement Class consists of more than one million individuals residing throughout the United States and joinder of all such persons is impracticable. *See* Fed. R. Civ. P. 23(a)(1);

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

*Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 & n.10 (9th Cir. 1982) (listing thirteen cases in which courts certified classes with fewer than 100 members).

### 2. Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is readily satisfied. There are multiple questions of law and fact – centering on Hot Topic's text marketing program – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same way, and that would generate common answers.

### 3. Typicality

For similar reasons, Plaintiff's claims are reasonably coextensive with those of the absent Settlement Class Members such that the Fed. R. Civ. P. 23(a)(3) typicality requirement is satisfied. *See Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1041-42 (9th Cir. 2012) (upholding typicality finding); *see also Malta v. Fed. Home Loan Mortg. Corp.*, 2013 WL 444619, *2 (S.D. Cal. Feb. 5, 2013) (S.D. Cal. Feb. 4. 2013) (finding typicality where TCPA claim stemmed from same course of conduct and were

20

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

based on same legal theory). Plaintiff is typical of the absent Settlement Class members because he received the same or similar text messages and suffered the same injuries, and because they will all benefit from the relief provided by the Settlement.

### 4. Adequacy of Representation

Plaintiff and Class Counsel also satisfy the adequacy of representation requirement. Adequacy under Fed. R. Civ. P. 23(a)(4) relates to (1) whether the proposed class representative has interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. Plaintiff's interests are coextensive with, not antagonistic to, the interests of the Settlement Class, because Plaintiff and the absent Settlement Class members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests. Further, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel who have extensive experience and expertise prosecuting complex class actions. Class Counsel devoted substantial time and resources to vigorous litigation of the Action.. Declarations of Class Counsel are submitted herewith as **Composite Exhibit C**.

### b. The Requirements of Fed. R. Civ. P. 23(b)(3) Are Satisfied

Under Fed. R. Civ. P.23(b)(3), certification is appropriate if the questions of law or fact common to the members of the class predominate over individual issues of law or fact

21

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

and if a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### 1. Common Questions Predominate

Plaintiff readily satisfies the Rule 23(b)(3) predominance requirement because liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to each Settlement Class member.

### 2. Class Treatment of Plaintiff's Claims is Superior

Finally, resolution of hundreds of thousands of claims in one action is far superior to individual lawsuits, because it promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). For these reasons, the Court should certify the Settlement Class.

## VI.   THE PROPOSED NOTICE PROTOCOL EXCEEDS DUE PROCESS REQUIREMENTS

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Lit.* § 21.312 (internal quotation marks omitted). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). To satisfy this standard, "[n]ot only must the substantive claims be adequately

22

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt-out of the action." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotation marks omitted); *see also* Manual for Compl. Lit., § 21.312 (listing relevant information).

The Notice satisfies all of these criteria. As recited in the Settlement and above, the proposed Notice program will inform Settlement Class members of the substantive terms of the Settlement. It will advise Settlement Class members of their options for remaining part of the Settlement Class, for objecting to the Settlement, Class Counsel's Attorneys' fee application and/or request for Service Award, or for opting-out of the Settlement, and how to obtain additional information about the Settlement. The Notice is designed to reach the highest percentage of Settlement Class members as practicable by providing direct notice to Class Member's email addresses or postal addresses that have been culled from Hot Topic's customer relations management database ("CRM").  The CRM provides a reliable source of information about the identity of Settlement Class Members and contact information for purposes of distributing Notice. Notice also will be published through a dedicated Settlement Website, generated and administered by the Settlement Administrator. The Notice protocol far exceeds the requirements of Constitutional Due Process.  *See Minter v. Wells Fargo Bank*, N.A., 283 F.R.D. 268, 276 (D. Md. May 22,

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

2012) (where "all class members have been identified by name from Defendant records" and notice administrator used address updating methods, supplement notice by publication not necessary to satisfy due process); *Robinson v. Fountainhead Title Grp. Corp.*, 2009 WL 2842733 *1 (D. Md., Sep. 4, 2009) (direct mailed notice with additional notice on website satisfied Rule 23 without supplement publication notice); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 2008 WL 1990806, * 2 (N.D. Cal. May 5, 2008) (denying Wal-Mart's request to include notice by publication because "the identity and location of class members can be determined through reasonable efforts using Wal-Mart's electronic records." "[N]otice by publication is only used when the identity and location of class members cannot be determined through reasonable efforts."); *Stickle v. SCI Western Market Support Center, L.P.*, 2009 WL 3241790, * 7 (D. Ariz., Sept. 30, 2009) (same).

## VII.   <u>PROPOSED SCHEDULE</u>

In connection with the preliminary approval of the Settlement, the Court should set a date and time for the Final Approval Hearing, as well as other deadlines relevant to the Claim submission progress. Class Counsel propose the following schedule:

| Event | Timeline |
|---|---|
| Deadline for Completion of Email Notice | 28 days after entry of the Preliminary Approval Order |
| Deadline for Completion of Mailed Notice | 28 days after entry of the Preliminary approval Order |
| Deadline to Publish Notice and Claim Form on Settlement Website | 14 days after Preliminary Approval Order |
| Deadline for filing Motion for Final Approval of the Settlement | 21 days before Final Approval Hearing |

24

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

| Deadline For Counsel's Fee Application and expenses and for Service Award | 45 Days Prior to the Final Approval Hearing |
|---|---|
| Deadline for Exclusion (opting-out) and Objections | 30 days before Final Approval Hearing |
| Deadline for Responses to Objections | 21 days before the Final Approval Hearing |
| Final Approval Hearing | 90 days after Preliminary Approval Order |
| Last day Class Claimants may submit a Claim Form | 60 days after the Final Approval Hearing |

## VIII.  **CONCLUSION**

Based on the foregoing, Plaintiff and Class Counsel respectfully request that the Court: (1) preliminarily approve the Settlement; (2) certify the proposed Settlement Class for settlement purposes; (3) approve the Notice program set forth in the Agreement and approve the form and content of the Notices and Claim Form as attached to the Settlement Agreement; (4) approve and order the opt-out and objection procedures set forth in the Agreement; (5) adopt the proposed schedule above; (6) appoint Diana Soukhaphonh as Class Representative; (7) appoint David Milian and Ruben Conitzer of Carey Rodriguez Milian Gonya, LLP, and Robert Ahdoot of Ahdoot &Wolfson, PC, as Class Counsel; and (8) schedule a Final Approval Hearing within ninety(90) days. A Proposed Preliminary Approval Order is submitted herewith as **Exhibit D.**


Respectfully submitted,

*By: /s/ David P. Milian*
David P. Milian (Fla. Bar No. 844421)
Email: dmilian@careyrodriguez.com
Secondary: cperez@careyrodriguez.com

25

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Ruben Conitzer (Fla. Bar No. 100907)
Email: rconitzer@careyrodriguez.com
Secondary: cperez@careyrodriguez.com
**CAREY RODRIGUEZ MILIAN GONYA LLP**
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

**AHDOOT & WOLFSON, P.C.**
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
1016 Palm Avenue
West Hollywood, California 90069
Telephone:  (310) 474-9111
Facsimile:  (310) 474-8585

***Counsel for Plaintiff and Settlement Class***

26

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 17, 2019, a copy of the above was filed on CM/ECF and thereby served on all parties.

*By: /s/ David P. Milian*
David P. Milian

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement