# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DIANA SOUKHAPHONH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HOT TOPIC, INC., a California corporation,<br><br>      Defendant. | Case No.: CV 16-5124-DMG (AGRx)<br><br>**FINAL JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, SERVICE AWARD, FEES, AND EXPENSES [259, 260]** |

The Court has considered Plaintiff Diana Soukhaphonh and Defendant Hot Topic, Inc.'s Class Action Settlement Agreement [Doc. # 237-1], as well as Plaintiff's Motion for Final Approval of the Settlement Agreement [Doc. # 260], Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Incentive Award [Doc. # 259], together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on February 7, 2020, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.     Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3.     The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval [Doc. # 255]–including (i) direct notice to the Settlement Class via e-mail and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, (ii) the creation of a toll-free telephone number hotline, and (iii) the creation of an interactive Settlement Website–fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.  Adequate periods of time were provided by each of these procedures.

4.     Twenty (20) individuals–listed in Exhibit C to the January 3, 2020 Declaration of Orlando Castillejos Re: Notice Procedures [Doc. # 260-1]and incorporated herein by this reference–have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

5.     No class member objected to the Settlement Agreement.

6.     The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Accordingly, solely for purposes of effectuating the Settlement, the Court has certified the Settlement Class, defined as "all Persons who received one or more text messages sent by or on behalf of Defendant Hot Topic to a cellular phone between August 1, 2012 and July 26, 2019."  [Doc. # 255.]  Because the Settlement Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

7.     The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  [Doc. # 242-2.]  The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable requirements of CAFA.  Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.  No government officials objected to the Settlement Agreement.

8.     The Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement meets the fair, reasonable, adequate standard, and is in the best interests of the Settlement Class.  The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable under the circumstances, and in the best interests of the Settlement Class Members, in light of the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the

merits. The legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the formation of the Settlement Agreement.

9. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

10. With respect to Section 2.2 of the Settlement Agreement which provides for non-monetary relief, the Court hereby incorporates this provision into this Final Judgment so that it affords permanent injunctive relief to the class.

11. Accordingly, the Settlement is hereby finally approved in all respects.

12. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

13. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

14. The Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

15. Upon the Effective Date of this Final Judgment, the release terms of the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

16. The Court hereby awards to Class Counsel the amount of $835,800 in attorneys' fees and $100,000 as reimbursement for costs. Based on Plaintiffs' Motion for Class Representative Service Award and for Attorneys' Fees and Expenses, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis; Class Counsel are experienced in the types of claims litigated

in the Action; Class Counsel diligently advocated for the Settlement Classes; and Class Counsel's efforts resulted in monetary recovery and permanent injunctive relief for the Settlement Classes. The Court therefore finds this payment of attorneys' fees and costs to be fair and reasonable. The Settlement Administrator is ordered to make these payments to Class Counsel in accordance with the terms of the Settlement Agreement.

17. The Court also approves the payment of an incentive award in the amount of $15,000 to Diana Soukhaphonh to compensate her for her efforts and commitment on behalf of the Settlement Class. Such payment is fair, reasonable, and justified under the circumstances of this case. The Settlement Administrator is directed to make the payment in accordance with the terms of the Settlement Agreement.

18. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one hundred and eighty (180) days of issuance shall be void. In the event uncashed check funds allow for a subsequent distribution of Cash Awards of $1.00 or more per claimant, after administration costs, a subsequent distribution of payments to Settlement Class Members shall be made. In the event the amount of uncashed check funds does not allow for a subsequent distribution of $1.00 or more per claimant, then the remaining uncashed funds shall be distributed as directed by the Court upon application made by Settlement Class Counsel and Defense Counsel for such funds to be distributed to a charitable organization, selected by the Parties, concerned with consumer protection issues of the general character presented by this Action such that the charitable organization's work coincides, or at least overlaps, with the interests of the Settlement Class. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

19. The Parties, without further approval from the Court, are hereby

permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

20.     Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

21.     The Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED.

DATED:  February 7, 2020

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE